IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARIE BARR,
    Petitioner,

vs.                                              Case No.: 4:16cv108/WS/EMT

UNITED STATES OF AMERICA,
    Respondent,
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the court on Petitioner's amended petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 4). Respondent filed a Response to the petition, with supporting documentation (ECF Nos. 15, 18). Petitioner filed a reply (ECF No. 21).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that Petitioner is not entitled to relief.

I.   BACKGROUND

On January 21, 2011, Petitioner was convicted in the United States District Court for the Southern District of Georgia, Docket No. CR410-00164-002, pursuant to a guilty plea, of possession with intent to distribute oxycodone and marihuana, in violation of 21 U.S.C. § 841(a)(1) (*see* ECF No. 4 at 2, 7[1]; ECF No. 15, Ex. 2; ECF No. 18, Ex. 4).  The court sentenced Petitioner to 151 months of imprisonment in the federal Bureau of Prisons ("BOP") (ECF No. 4 at 7; ECF No. 15, Ex. 2).  At sentencing, Petitioner received a two-point sentence enhancement for possession of a weapon during commission of the offense, pursuant to section 2D1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G.") (ECF No. 4 at 7; ECF No. 18, Exs. 4, 5; ECF No. 21 at 1).

While housed at the Federal Correctional Institution in Tallahassee, Florida, Petitioner began participating in the BOP's Residential Drug Abuse Program ("RDAP") (ECF No. 4 at 8).[2]  Petitioner submitted a request to determine her eligibility for early release, pursuant to 18 U.S.C. § 3621(e) (*see* ECF No. 4 at 8, 26–27).  On April 8, 2015, the BOP determined that Petitioner is not eligible for early

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[2] Petitioner states she completed the RDAP during the pendency of this habeas action (*see* ECF No. 4 at 8, 13; ECF No. 21 at 4).

Case No.: 4:16cv108/WS/EMT

release under 18 U.S.C. § 3621(e), because the crime of which she was convicted was determined by the BOP to be a crime of violence based upon the sentencing court's application of the two-point sentence enhancement for possession of a weapon (ECF No. 4 at 8, 24–25; ECF No. 15, Ex. 2).

Petitioner filed the instant habeas action on February 16, 2016 (*see* ECF No. 1). In Petitioner's amended petition, she claims that the BOP exceeded its authority by excluding prisoners from eligibility for early release based solely on the § 2D1.1(b)(1) sentence enhancement (ECF No. 4 at 3, 8–13). Petitioner asserts she did not personally carry, possess, or use a firearm, and that the application of the sentence enhancement was based upon her co-defendant's possession of a firearm (*id.* at 12). Petitioner relies upon Byrd v. Hasty, 142 F. 3d 1395 (11th Cir. 1998) in support of her claim that the BOP abused its discretion by denying her request for early release (*id.* at 9–11).

Respondent contends the BOP properly denied Petitioner's request for early release, pursuant to 28 C.F.R. § 550.55(b)(5)(ii), (iii) and BOP Program Statement 5162.05 (ECF No. 15 at 5–6). Respondent argues that Byrd was superseded by a new BOP regulation, amended in 1997 and codified in the successor regulation found at 28 C.F.R. § 550.58, which has since been redesignated as 28 C.F.R. § 550.55

(*compare* 28 C.F.R. § 550.58(a)(1)(vi)(B) (1997) *with* 28 C.F.R. § 550.55(b)(5)(ii) (2009)) (*id.* at 6).  Respondent contends that after Byrd, the Supreme Court upheld the BOP's discretionary authority to prelude early release based upon the new regulation, *see* Lopez v. Davis, 531 U.S. 230, 235 (2001) (*id.*).

II.     ANALYSIS

As part of the 1994 Violent Crime Control and Law Enforcement Act, the BOP was charged with making available "appropriate substance abuse treatment" for inmates with "treatable condition(s) of substance addiction or abuse."  18 U.S.C. § 3621(b).  If an inmate completes a drug and alcohol treatment program authorized under 18 U.S.C. § 3621(e),

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

§ 3621(e)(2)(B). The statute thus provides an incentive for inmates to enroll in and complete the treatment program, but makes permissive the BOP's determination to grant a reduction in sentence upon an inmate's successful completion of an RDAP. *See* Lopez v. Davis, 531 U.S. 230, 241, 121 S. Ct. 714, 148 L. Ed. 2d 635 (2001).

Beyond instructing that the BOP has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment,

Congress did not identify any further circumstance in which the BOP must grant the reduction. Where Congress has enacted a law that does not answer "the precise question at issue," all the court must decide is whether the BOP has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." Lopez, 531 U.S. at 242 (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984); Reno v. Koray, 515 U.S. 50, 61, 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995) (deferring to BOP's interpretation of statute)).

To implement § 3621(e)(2)(B), the BOP issued regulations in 1995 governing substance abuse treatment programs and inmate eligibility for early release consideration under § 3621. *See* 28 C.F.R. § 550.58 (1995). In 1995, 1996, and 1997, the BOP published three interim rules amending § 550.58. *See* 60 FR 27695 (1995); 61 FR 25122 (1996); 62 Fed. Reg. 53691 (1997). The interim rules were finalized on December 22, 2000. *See* 65 FR 80749 (2000). The final version of the regulation, codified at 28 C.F.R. § 550.58, categorically denied early release to prisoners whose current offense was a "crime of violence" as defined at 18 U.S.C. § 924(c)(3). *See* 28 C.F.R. § 550.58.

Section 924(c)(3) defines "crime of violence" as an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The BOP further defined "crime of violence" through Program Statement 5162.02, which provided that a conviction under 21 U.S.C. § 841 or 846 was deemed a "crime of violence" if the sentencing court increased the base offense level under the Sentencing Guidelines pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the commission of drug offense.

In Byrd v. Hasty, the case upon which Petitioner relies, the Eleventh Circuit held that the BOP exceeded its authority in categorically excluding from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm. See Byrd v. Hasty, 142 F. 3d 1395, 1398 (11th Cir. 1998). The court reasoned:

> The statute, 18 U.S.C. § 3621(e)(2)(B), speaks only in terms of conviction. Byrd was convicted of conspiracy and possession with intent to distribute cocaine (violations of 21 U.S.C. § 846 and 841(a)(1)), which are not crimes of violence. Although Byrd received a sentencing enhancement under § 2D1.1(b)(1) of the Sentencing Guidelines, "[s]ection 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors." Downey [v. Crabtree], 100 F.3d

[662,] 668 [9th Cir. 1996]. As a result, we conclude that the BOP exceeded its statutory authority when it categorically excluded from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm. The BOP's interpretation of the 18 U.S.C. § 3621(e)(2)(B) is simply in conflict with the statute's plain meaning.

Byrd, 142 F.3d at 1398.

Subsequent to Byrd, the Supreme Court decided Lopez v. Davis, 531 U.S. 230 (2001). In Lopez, the petitioner was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. 531 U.S. at 236. Finding that Lopez possessed a firearm in connection with his offense, the District Court enhanced his sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1). Id. While incarcerated, Lopez requested substance abuse treatment. Id. The BOP found him qualified for its treatment program, but categorically ineligible, under 28 C.F.R. § 550.58, for early release. Id. The Supreme Court held that the BOP may categorically exclude prisoners based on their pre-conviction conduct, and further held that 28 C.F.R. § 550.58, which categorically denied early release to prisoners whose current offense was a "crime of violence" as defined at 18 U.S.C. § 924(c)(3), was permissible. Lopez, 531 U.S. at 244. The court opined that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the

Page 8 of 13

commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244.

In 2009, 28 C.F.R. § 550.58 was redesignated as 28 C.F.R. § 550.55. That regulation, which is the regulation applied by the BOP in Petitioner's case, provides:

> (b) Inmates not eligible for early release.  As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
> . . . .
> (5) Inmates who have a current felony conviction for:
> . . . .
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; . . .

28 C.F.R. § 550.55(b)(5)(ii), (iii).

Also in 2009, the BOP issued Program Statement 5162.05.  Section 3 of that Program Statement lists offenses which are categorized as crimes of violence.  Section 4 of Program Statement 5162.05, titled "Offenses that at the Director's Discretion Shall Preclude an Inmate's Receiving Certain Bureau Program Benefits," including early release under § 3621(e), provides that an inmate serving a sentence for an

offense that falls under the following provision shall be precluded from receiving certain BOP program benefits:

> . . . a felony that:
>
> Involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>
> By its nature or conduct, presents a serious potential risk of physical force against the person or property of another, . . . .

Program Statement 5162.05, Section 4.

> The Program Statement further provides:
>
> b. **Criminal Offenses with a Specific Offense Characteristic Enhancement.** Convictions for an offense listed below, like those listed in Section 4.a., may or may not satisfy the standard listed in the introductory portion of Section 4 [quoted *supra*].
>
> At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics." This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.
>
> **Example**: Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would

increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

Program Statement 5162.05, Section 4.

A BOP Program Statement is entitled to some deference so long as it is a permissible construction of the statute. Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000) (citing Reno, 515 U.S. at 61). Granting "some deference" to the BOP, the ultimate inquiry is whether 28 C.F.R. § 550.55, as applied through Program Statement 5162.05, represents a reasonable implementation of § 3621(e)(2)(B). *See* Cook, 208 F.3d at 1320 (considering whether 28 C.F.R. § 550.58, as applied through Program Statement 5162.02, represented a reasonable implementation of § 3621(e)(2)(B)).

The undersigned agrees with other district courts that have concluded that 28 C.F.R. § 550.55, as applied through Program Statement 5162.05, represents a reasonable implementation of § 3621(e)(2)(B). *See, e.g.*, Green v. Quintana, No. 5:14cv289-JMH, 2014 WL 6608348, at *3 (E.D. Ken. Nov. 19, 2014) (unpublished);

Orr v. Haynes, No. CV212-161, 2013 WL 3874768, *3 (S.D. Ga. July 25, 2013) (unpublished); Allen v. United States, No. 5:10cv00711, 2013 WL 3216043, at *4 (S.D.W.V. June 24, 2013) (unpublished); Wilson v. Baird, No. 3:11cv1304-MRK, 2012 WL 2154209, at *3–4 (D. Conn. June 13, 2012) (unpublished); Baldwin v. Fed. Bureau of Prisons, No. 10-0530-RMB, 2010 WL 3522078, at *9–10 (D.N.J. Sept. 1, 2010).

The undersigned further concludes that the BOP had discretion to exclude Petitioner from eligibility for early release eligibility based on her conviction for possession with intent to distribute oxycodone and marihuana, under 21 U.S.C. 841(a)(1), and the federal sentencing court's application of the two-point enhancement for possession of a weapon.  According to Petitioner's Presentence Investigation Report ("PSR"), law enforcement discovered a 9mm pistol in a bedroom of the house where Petitioner resided (the PSR stated that the bedroom was the co-defendant's bedroom), and a 9mm handgun magazine and 9mm ammunition in the co-defendant's safe located in another bedroom of the house (*see* ECF No. 18, Ex. 4, Presentence Investigation Report at 3–4, ¶ 6).  According to the PSR, the co-defendant told law enforcement that Petitioner had purchased ammunition for the 9mm firearm, and that Petitioner had carried the firearm on several occasions when she purchased or sold

drugs (*id.* at 4, ¶ 8). Based upon this information, the Government recommended that Petitioner's Offense Level be increased by two levels, pursuant to U.S.S.G. § 2D1.1(b)(1) (*see id.*, Ex. 4, Presentence Investigation Report at 6, ¶ 18). Petitioner did not object to those provisions of the PSR (*see id.*, Ex. 4, Addendum to the Presentence Report, Objections). The sentencing court adopted the PSR without change (ECF No. 18, Ex. 5, Statement of Reasons at 1).

Petitioner has not shown that the BOP abused its discretion by denying her request for early release, pursuant to 28 C.F.R. § 550.55 and Program Statement 5162.05, even though she completed the RDAP. Therefore, she is not entitled to habeas relief under § 2241.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be **DENIED**.

At Pensacola, Florida, this 28th day of October 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**